IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAYTON HOWARD<br><br>*Plaintiff(s)*<br><br>-against-<br><br>STATE OF NEW YOK, CITY OF NEW YORK, RICHMOND COUNTY DISTRICT ATTORNEYS OFFICE, DARREN ALBANESE, GABRIELLA GIOVINAZZO, ALVA PRENGA, COURTNEY CHASE, MCKENZIE UPSHAW, ALBERT CRAWFORD, LISA THOMPSON,<br><br>*Defendant(s)* | **Complaint for Violation of Civil Rights**<br>(Non-Prisoner Complaint)<br><br>Case No. **24-cv-03291-OEM-JRC**<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial:  ☒ Yes  ☑ No<br>*(check one)* |

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | CLAYTON HOWARD |
| Street Address | 24 ORCHARD STREET |
| City and County | _CARTERET MIDDLESEX COUNTY |
| State and Zip Code | NEW JERSEY 07008 |
| Telephone Number | (929)202-3895 |
| E-mail Address | ITSCLAYTONHOWARD@GMAIL.COM |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | STATE OF NEW YORK |
| Job or Title (if known) | ATTORNEY GENERAL OF NEW YORK _28 |
| Street Address | Liberty Street, 16th Floor |
| City and County | New York NY |
| State and Zip Code | 10005 |
| Telephone Number | |
| E-mail Address (if known) | |

2

Defendant No. 2

| | |
|---|---|
| Name | _CITY OF NEW YORK |
| Job or Title (if known) | CORPORATION COUNSEL_ |
| Street Address | |
| City and County | 100 Church St, |
| State and Zip Code | _New York, NY 10007 |
| Telephone Number | ~~(212) 356-1000~~ |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | _RICHMOND COUNTY DISTRICT ATTORNEY |
| Job or Title (if known) | 130 STUYVESANT PLACE # 7 |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | STATEN ISLAND, NEW YORK 10303 |
| E-mail Address (if known) | __DARREN.ALBANESE@RCDA.BYC.GOV_____ |

Defendant No. 4

| | |
|---|---|
| Name | DARREN ALBANESE |
| Job or Title (if known) | EXECUTIVE ADA CRIMINAL COURT OPER |
| Street Address | |
| City and County | 130 STUYVESANT PLACE #7 |
| State and Zip Code | |
| Telephone Number | STATEN ISLAND, NEW YORK 10303 |
| E-mail Address (if known) | DARREN.ALBANESE@RCDA.NYC.GOV |

(718)876-6300

3

**ADDITIONAL DEFENDAN(S) LISTED NEXT PAGE**

Defendant No. 5
Name                      GABRIELLA GIOVINAZZO
Job or Title              ASSISTANT DISTRICT ATTORNEY
Street Address            130 STUYVESANT PLACE # 7
City and County           NEW YORK, RICHMOND
State and Zip Code        NEW YORK, 10303
Telephone Number          (718)876-6300
E-mail Address            GABRIELLA.GIOVINAZZO@RCDA.NYC.GOVE

Defendant No. 6
Name                      ALVA PRENGA
Job and Title             ASSISTANT DISTRICT ATTORNEY
Street Address            130 STUYVESANT PLACE # 7
City and County           NEW YORK, RICHMOND
State and Zip Code        NEW YORK, 10303
Telephone Number          (929)202-3895
E-mail Address            ALVA.PRENGA@RCDA.NYC.GOV

Defendant No. 7
Name                      MCKENZIE UPSHAW
Job and Title             VICTIM ADVOCATE
Street Address            130 STUYVESANT PLACE # 7
City and County           NEW YORK, RICHMOND
State and Zip Code        NEW YORK, 10303
Telephone Number          (718)587-0551
E-mail Address            MCKENZIE.UPSHAW@RCDA.NYC.GOV

Defendant No. 8
Name                      COURTNEY CHASE
Job and Title             VICTIM ADVOCATE SUPERVISOR
Street Address            130 STUYVESANT PLACE # 7
City and County           NEW YORK, RICHMOND
State and Zip Code        NEW YORK, 10303
Telephone Number          (718)876-6300
E-mail Address            COURTNEY.CHASE@RCDA.NYC.GOV

Defendants No. 9
Name                      LISA THOMPSON
Job and Title
Street Address            130 STUYVESANT PLACE # 7
City and County           NEW YORK, RICHMOND
State and Zip Code        NEW YORK, 10303
Telephone Number          (718)876-6300
E-mail Address            LISA.THOMPSON@RCDA.NYC.GOV

Defendant No. 10
Name                     ANDREW CRAWFORD
Job and Title
Street Address           130 STUYVESANT PLACE
City and County          NEW YORK, RICHMOND
State and Zip Code       NEW YORK, 10303
Telephone Number         (718)876-6300
E-mail Address           ANDREW.CRAWFORD@RCDA.NYC.GOV

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☑    State or local officials (a § 1983 claim)

☐    Federal officials (a *Bivens* claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?_

**Sixth Amendment  Rights in Criminal Prosecutions** -In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law_____

 **Fifth Amendment  Rights of Persons**-nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb_____ ___

**Fourteenth Amendment  Equal Protection and Other Rights**-No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws._

**18 U.S. Code § 3771 - Crime victims rights** -(10)The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. 10607(c)) [1] and provided contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice.

**Violence Against Women Act Offenses** • Interstate travel to commit domestic violence - 18 U.S.C. § 2261 • Interstate stalking - 18 U.S.C. § 2261A • Interstate travel to violate a Protection Order - 18 U.S.C. § 2262

_____

_____

4

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do

**III.    Statement of Claim**

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?_

February 28, 2020 43 Tompkins Ave Staten Island Nw York 10304

June 30, 2020        43 Tompkins ave Staten Island, New York

July 18, 2021        7 Corson Ave Staten Island New York 10303J

June 17, 2022        123 Precent 123 Main St Staten Island

January 30, 2023    130 Stuyvesant Pl #7 Staten Island New York 10304

May 16, 2023          18 Richmond Terr  Staten Island New York 10303

September 9, 2023  130 Stuyvesant Pl # 7 Staten Island New York 10303

September 28, 2023 130 Stuyvesant Pl # 7 Staten Island New York 10303

November 17, 2023 18 Richmond Terr Staten Island New York 10303

FEBUARY 7, 2024 100 Richmond Terrece Staten Island New York 10303

_____ ____

_____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur?

February 28, 2020_

June 13, 2020

July 18, 2021

July 17, 2022

Jan 30, 2023

May 16, 2023

September 9, 2023

September 28, 2023

November 17th, 2023

Febuary 7, 2024_____

_____    _____

_____

IV.    **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

July 13, 2020 - Assaulted by five (5) offenders received brusing and intentionally ruptured Achilles tendon after plaintiff was help down and ankle twisted by offender. resulted in surgery and disability for 9 months

July 18, 2021 - Assaulted with tire-iron by same offender. Hit repeatedly in wrist (Broken Finger) Ribs, bruise ribs, and head result in stitches and concussion

Emotional distress, Trauma due to 2 years of continued harassment assisted by the defendant(s)

V.    **Relief**

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims. _

(a) For compensatory damages, including general and special damages, according to proof

(b) For punitive damages pursuant to 42 U.S.C. S 1983 in the amount of $25,000,000 and any other applicable laws or statues, in an amount sufficient to deter and make an example of each non governmental entity

(c) For 814,560 which is the lost contract price of the plaintiff after the arrest of May 16, 2023 when his constitutional 5th Amendment protections protecting him from DOuble jeopordy was violated by the defendant(s)

(d) d)  65,000 in return cost for Damages to projects controlled by the Plaintiff damaged while detained and delayed due to financial restrictions imposed on the Plaintiffby the malicious prosecution(s) of the Defendant and the supported Social Media Slander/ Defamation of offender Francyna Evins.

(e) For such other and further relief as the Court may deem just and proper to the Plaintiff.

**A.**    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: May  /  , 2024

Signature of Plaintiff    _Clayton   Howard_

Printed Name of Plaintiff  Clayton Howard

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAYTON HOWARD<br><br>*Plaintiff(s)*<br><br>- Against-<br><br>STATE OF NEW YORK,<br>CITY OF NEW YORK,<br>RICHMOND COUNTY DISTRICT<br>ATTORNEYS OFFICE,<br>DARREN ALBANESE, ALVA PRENGA<br>GABRIELLA GIOVINAZZO,<br>COURTNEY CHASE, MCKENZIE UPSHAW,<br>LISA THOMSPON, ANDREW CRAWFORD<br>*Defendant(s)* | Case No:_____<br><br><br><br>**Complaint** |

The Plaintiff, CLAYTON HOWARD (Mr. Howard) complaining of the STATE OF

NEW YORK, CITY OF NEW YORK, RICHMOND COUNTY DISTRICT ATTRONEY'S

OFFICE and its officers: DARREN ALBANESE, GABRIELLA GIOVINAZZO, ALVA

PRENGA, COURTNEY CHASE, MCKENZIE UPSHAW, LISA THOMPSON and ANDREW

CRAWFORD - the Defendant(s) herein pursuant to 42 U.S. Code S 1983 for the violation(s) of

the Plaintiff's civil rights as enshrined in the Constitution of the United States. Plaintiff states and

allege(s) that:

1. This is a complaint for damages based upon federal civil rights and state constitutional

   rights violations committed by the 1st, 2nd and 3rd  Defendants and its respective officials,

   employees, and./or agents.

2. The Plaintiff Mr. Howard is a resident of MIDDLESEX COUNTY, in the State of New

   Jersey. Mr. Howard full address is to remain confidential to protect his safety.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

3. The 1st Defendant is the State of New York' whose address and contact details for purposes of this suit are as follows: 28 Liberty Street, 16th Floor New York NY 10005

4. The 2nd Defendant is the City of New York whose address and contact details for purposes of this suit are as Follows: Corporation Counsel, 100 Church Street, New York, N.Y 10007 Tele: (212) 356-1000

5. The 3rd Defendant is a public body vested with the mandate to prosecute suspected criminal offenders within Richmond County' in the City of New York whose address and contact details are as follows: 130 STUYVESANT PLACE #7, STATEN ISLAND NEW YORK 10303

6. The 4th Defendant, Darren Albanese is an official with Executive Responsibility within the office of the 3rd Defendant whose address and contact details for purposes of this suit are as follows: 130 STUYVESANT PLACE #7, STATEN ISLAND NEW YORK 10303 Tel:(718)556-7128 Email: Darren.Albanese@rcda.nyc.gov

7. The 5th Defendant, Gabriella Giovinazzo is an official in the office of the 3rd Defendant engaged as a prosecutor whose address and contact details for purposes of this suit are as follows: 130 STUYVESANT PLACE #7, STATEN ISLAND NEW YORK 10303 Tel: (718)876-6300 Email: Gabriella.Giovinazzo@rcda.nyc.gov

8. The 6th Defendant, Alva Prenga is an official in the office of the 3rd Defendant engaged as a prosecutor whose address and contact details for purposes of this suit are as follows: 130 STUYVESANT PLACE #7, STATEN ISLAND NEW YORK 10303 Tel: (917)806-4046 Email: Alva.Prenga@rcda.nyc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

9.  The 7th Defendant, Mckenzie Upshaw is an official in the office of the 3rd Defendant
    engaged as a Domestic Violence advocate for victims whose address and contact details
    for purposes of this suit are as follows: 130 STUYVESANT PLACE #7, STATEN
    ISLAND NEW YORK 10303 Tel: (718)584-0551 Email:

    Mckenzie.Upshaw@rcda.nyc.gov

10. The 8th Defendant Courtney Chase is an official in the office of the 3rd Defendant egaged
    at the position of supervisor over the 7th Defendant(s) whose address and contact details
    for purposes of this suit are as follows: 130 STUYVESANT PLACE #7, STATEN
    ISLAND NEW YORK 10303 Tel: (718)876-6300 Email: Courtney.chase@rcda.nyc.gov

11. The 9th Defendant Lisa Thompson is an official in the office of the 3rd Defendant
    engaged as an investigator whose address and contact details for purposes of this suit are
    as follows: 130 STUYVESANT PLACE NEW YORK 10303 Tel: (718)876-6300 Email:

    Lisa.Thompson@rcda.nyc.gov

12. The 10th Defendant Andre Crawford is an official in the office of the 3rd Defendant
    engaged in supervisory responsibilities whose address and contact details for purposes of
    this suit are as follows: : 130 STUYVESANT PLACE NEW YORK 10303 Tel:
    (718)876-6300 Email Andrew.Crawford@rcda.nyc.gov

13. This Complaint is brought against the 4th, 5th, 6th, 7th, 8th, 9th and 10TH Defendant(s) in
    their individual and official capacities as employees of the 3rd Defendant seeking to hold
    the Seven (7) responsible under 42 U.S. Code S 1983 for violations of the Plaintiff's
    civil rights as enshrined in the Constitution of the United States.

14. The Plaintiff is informed, believes, and thereupon alleges that at all material times, the
    4th, 5th, 6th, 7th · 8th, 9th and 10TH Defendant(s) were acting with the power of government

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

or " Under Color of State Law"; acting on the authority given to them by the government within the course and scope of their employment.

15. The 3rd Defendant is duly constituted governmental entity in the City of New York, and is, or was, the employer of all individually 4th, 5th, 6th, 7th, 8th, 9th and 10th Defendant(s) sued in the individual and official capacities.

16. The 1st, 2nd, and 3rd Defendant(s) are liable to the Plaintiff for the acts and omissions of its public employes, the individual(s) 4th, 5th, 6th, $7^{th,}$, 8TH, 9th and 10th Defendant(s) herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of

***Respondeat Superior***

17. The Defendants directly or indirectly as expounded in this Complaint violated the following civil rights of the Plaintiff:

    A. The right to be free from discrimination;

    B. The right to government services;

    C. The protection of due processes; and

    D. The right to privacy

    E. The rights of crime victims

    F. The rights of Domestic Violence victims

    G. Sixth Amendment Right(s)

    H. Fifth Amendment Right(s)

    I. Fourteenth Amendment Right(s)

18. This Court has the requisite jurisdiction over the action.

19. The Plaintiffs complaint's stems from the failure by the Defendant to take action against one Francyna Evins, his ex-girlfriend who has incessantly engaged in the harassment,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

intimidation and cyber bullying of the Plaintiff expounded on herein. Francyna Evins

has also on numerous occasions disobeyed a court order, a fact which the Defendants

have been made aware, but they have done nothing about it.

20. The 3rd and 4th Defendant(s) acted in a supervisory capacity with respect to the incidents

involving the Plaintiff as set out herein. In that capacity, 4th, 5th, 6th, 7th, 8TH, 9TH and 10th

Defendant(s) acted intentionally, maliciously, in conscious disregard, and/or with

deliberate indifference to the rights of the Plaintiff.

21. The Plaintiff at the time of this filing is the plaintiff/petitioner and protected party of New

Jersey State Final Restraining order FV-07-003579-22. The Plaintiff is also a victim in an

active prosecution of Francyna Evins, the named offender is the above referenced order.

The Plaintiff is also a petitioner and cross complainant in New York State Family Court,

Richmond County where the Plaintiff and Francyna Evins have been in litigation for over

two (2) years.

22. Jermiah Depass is an offender who assaulted the Plaintiff physically twice (2x) within a

thirteen (13) month period beginning in June 2020 and climaxing July 2021 where one

(1) assaulted resulted in the Plaintiff requiring corrective surgery and therapy for twelve

(12) months, the second $(2^{nd})$ assault the offender and his wife attacked the Plaintiff with

a Tire Iron and Bottle.

The offender Jermiah Depass, struck the pointer finger on the left hand (breaking a

finger), Head (creating a contusion requiring stitches and a concussion), and lastly the

ribs which were bruised. Jerimiah Depass was arrested with the tire iron and confessed to

arresting officers.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

23. Francyna Evins (Ms. Evins for the purposes of this document) is the former romantic

partner of the petitioner Mr. Howard. Since April of 2022 until present; Ms. Evins has

harassed, robbed, slandered, stalked, and menaced Mr. Howard seeking vengeance for the

failed relationship and charges being successfully argued against her.

24. In addition to the above, below are some relevant facts. out of which the Plaintiffs

complaint arises:

## **Statement of Facts**

1. **2/28/2020** - Plaintiff falsely arrested for unauthorized use of a motor vehicle when

complaining witness **Gwendolyn Carr** files, a fictitious complaint within the 120th

Precent of Staten Island, NY. Complainant Carr alleged after allowing the plaintiff to

"borrow" the car as a friend she barely knew that the vehicle had never been returned nor

had she heard from the plaintiff in three (3) months. Plaintiff provided evidence of

continuous contact from start to end to include evidence of payments exceeding $1500.

Plaintiff provided discovery iPhone text conversation were alleged victim, Gwendolen

Carr acknowledges several payments even notifying plaintiff on occasion if the agreed

payment was "short". Despite this discovery, Plaintiff was maliciously prosecuted for two

(2) years with the case only ending by ACD dismissal in 2022 being offered while

plaintiff grieved the recent death of his mother. The defendant was in no emotional

condition to accept a plea and was innocent.

Defendant(s) violated the Plaintiff(s**) Sixth Amendment rights in Criminal Prosecution**

purposely ignoring discovery that expose major untruth in the victim and exhonerated the

Plaintiff. Defendant(s) maliciously prosecuted the Plaintiff during the morning period of

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

the death of his mother hoping the emotional trauma created would weaken the Plaintiff enough to plea to an offense he hadn't committed.

2. **6/13/2020** – Plaintiff assaulted by five (known) assailants after finding mother deceased in home. Plaintiff while attending to the body of his recently deceased mother was called from the upper level of the home to the front porch by Officer who asked he identify his only sibling so that the sibling could be granted access into the home.

Upon exiting the front entry door, Plaintiff Identifies woman there as not his sister but a distant cousin name Alicia Wise -Depass and begins to leave. At that moment, Jermiah Depass (offender) punches plaintiff and the remaining four (4) offenders begin to assault the plaintiff. Plaintiff was restrained by Alicia Wise and another assailant latter named as "Lashay" while offender Jerimah Depass twisted the left ankle of the plaintiff. The plaintiff that night was diagnosis with basic bruises and refused an ambulance due to shock and trauma after finding his only parent deceased several hours prior to the assault.

Actions of Jerimiah Depass resulted in ruptured Achilles tendon diagnosis by Dr Hillary Alpert of Staten Island, who performed surgery in July 2020. Plaintiff remained disabled for over six (6) months. No order of protection was placed on this offender despite arrest for the result and plea agreement which plaintiff had no decision in nor was an opinion allowed.

By refusing to provide the plaintiff with the protections mandated by law for assaults that result in physical injuries the defendant(s) violated the **Fourteenth Amendment Rights of the plaintiff to Equal Protections**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Plaintiff Alleges: Defendant(s) violated Plaintiff(s) rights granted by Executive **(EXC)**

**CHAPTER 18, ARTICLE 23 Section 641**

Defendant(s) violated plaintiff(s) **Sixth Amendment Rights in Criminal Prosecutions**
by intentionally excluding him from investigation(s), plea consideration(s) or access to
victim witness services or advocates.

(b) availability of appropriate public or private programs that provide counseling,
treatment, or support for crime victims, including. but not limited to the following: rape
crisis centers, victim/witness assistance programs, elderly victim services, victim
assistance hotlines and domestic violence shelters;

Defendant(s) violated **(EXC) CHAPTER 18, ARTICLE 23 Section 642 Criteria for**
**fair treatment standards** By refusing to consult the victim in order to obtain the views
of the victim regarding disposition of the criminal case by dismissal, plea of guilty or
trial. Defendant(s) further violated Plaintiff(s) rights by refusing the plaintiff any fair
treatments as provided by Article 23 of the State of New York

Additional violations by the defendant(s) exist under **Executive (EXC) CHAPTER 18,**
**ARTICLE 23 section 647** regarding treatment of the victim of violent felony offenses
where physical injuries resulted. Plaintiff was assaulted by five (5) others who
prosecutors failed to arrest four(4) and provide no protections to the plaintiff as an
assaulted victim for any of the assailants even Jerimah Depass who was arrested.

3. **7/18/2021** Plaintiff assaulted by Jerimiah Depass one year later after Jerimiah Depass
attacked the plaintiff inside 7 Corson place Staten Island. Plaintiff defended himself and
forced the assailant to retreat. Plaintiff called 911 and while waiting Offender returned
with Alicia Wise, who had been part of the previous assault, and a tire iron. The offender

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

attacked the plaintiff with this tire iron hitting the plaintiff in the wrist, head, and finally

ribs where the plaintiff caught the tire iron and knocked the offender to the ground.

Plaintiffs receive stitches to the head, bruised ribs, and a concussion. Due to no protection

being granted the victim of the previous assault by the office of the prosecutor, this

offender was allowed to assault the plaintiff again with a dangerous instrument which

could have taken his life.

Prosecutors further violated the plaintiff when they ignored the direction of Gary Defilpo

Esq who informed them of the plaintiffs want to cooperate. Instead of allowing this the

called a secret court date to which they never notified the plaintiff and dismissed the

criminal complaint of the offender. Despite being attacked with a tire iron which was

taken into custody no order or protective measure were taken by Richmond County

District Attorney to protect the victim.

Defendant(s) violated plaintiff(s) **Sixth Amendment Rights** in Criminal Prosecutions by

intentional excluding him after direct contact from a licensed New York State Attorney

notifying the of the defendant and victim of an active prosecution wishing to testify (See

Email Gary Defilipo)

Defendant(s) violated plaintiff(s) **Sixth Amendment Rights** in Criminal Prosecutions by

intentionally excluding him from investigation(s), plea consideration(s) or access to

victim witness services or advocates.

Defendant(s) violated the Plaintiff(s) **Fourteenth Amendment Rights** of the plaintiff to

**Equal Protections** when they refused to prosecute an offender who was caught

assaulting his former victim whom he hospitalized one (1) year prior. Defendant(s) are

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

liable for the assault and trauma as the defendant(s) intentional negligence is the direct

cause of the second assault by Jerimiah Depass and Alica Wise-Depass.

Plaintiff Alleges: Defendant(s) violated Plaintiff(s) rights granted by **Executive (EXC)**

**CHAPTER 18, ARTICLE 23 Section 641**which grants the plaintiff.

(b) availability of appropriate public or private programs that provide counseling,

treatment, or support for crime victims, including but not limited to the following: rape

crisis centers, victim/witness assistance programs, elderly victim services, victim

assistance hotlines and domestic violence shelters;

Defendant(s) violated **(EXC) CHAPTER 18, ARTICLE 23 Section 642 Criteria for**

**fair treatment standards** By refusing to consult the victim in order to obtain the views

of the victim regarding disposition of the criminal case by dismissal, plea of guilty or

trial. Defendant(s) further violated Plaintiff(s) rights by refusing the plaintiff any fair

treatments as provided by Article 23 of the State of New York

4. **June 17, 2022** – Lisa Thompson acting in her official capacities violated the plaintiff's

Fourteenth Amendment to equal protection under the laws when she intentionally refused

to assist the plaintiff who had a court order and judges decision that was to enforced the

return of stolen property the offender Francyna Evins had been charged with stealing

from the home of the Plaintiff in the State of New Jersey, Newark. Lisa Thompson

intentionally misleads the Plaintiff in an attempt to delay the Plaintiff from acquiring his

stolen property before an order of protection ordering its return expired the next court

date which was several days away. Lisa Thompson, through iPhone communications and

emails deceived the Plaintiff even pretending to set up the return with the offenders local

precent, which was Staten Island's 123 Precent located at 123 main Street. Lisa

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Thomspon stalled the Plaintiff until 4pm that day and then refused to communicate which

then the order expired causing the Plaintiff further distress and damages being forced to

obtain and new order and re-register it within Richmond County Clerk for validity and

enforcement. With a Court Order Lisa Thompson was to assist the Plaintiff in the

satisfaction of the stipulation order for return.

June 13, 2022 – Judge Acosta of Essex County New Jersey Criminal Court orders the

offender on the record to return the property the offender had been charged with stealing.

This transcript along with a family court order detailing the return of the stolen property

was electronically present to Lisa Thompson prior to be beginning to falsely advocate to

the victim her interest in assisting making her conduct malicious and intentionally

harmful to the plaintiff.

5. **<u>January 30, 2023</u>** – Mckenzie Upshaw – Domestic Violence advocate employed by

the Richmond County District Attorney and the plaintiff have contact via iPhone text

Message. Mckensize Upshaw, after review of certified, verifiable court documents

(verifiable by its entry into the Domestic Violence registry) informed the plaintiff his

New Jersey, Essex County Newark issued Final Restraining Order, awarded after a trial

and with full no contact conditions was "unenforceable" with the state of New York due

to its origin being from an out of state entity. The plaintiff, knowing the order to be

protect by Federal Statue "Violence against women act 1991" makes the order

enforceable within all 50 US states. Additionally, the Plaintiff had registered the order

within the Richmond County Family Court Clerk which was granted giving the order

legal validity within the State of New York. Despite the Plaintiff attempting to relay this

information, Mckenzie Upshaw misleads the plaintiff and denied him services

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

constitutional available as a citizen and federal granted by the creation and implantation of the act above mentioned. Due to McKenzie Upshaw and heard refusal to provide services, the plaintiff was arrested for the false report of the offender and defendant of New Jersey Order FV-07-003579-22 Francyna Evins; who made allegations that her recent conviction and indictment within the State of New Jersey, County of Essex was based on false reports filed by the plaintiff. Despite the recent trial decision and the indictment verification Mckenzie Upshaw refused to provide the services granted by federal law which therefore created additional harm to the plaintiff both financially and emotionally. By denying me these essential services as a trial order victim with an order protected by The **Violence Against Women Act** which is a comprehensive legislative package designed to improve criminal justice responses to sexual assault, domestic violence, dating violence, and stalking and to increase the availability of services for victims and survivors., Mckenzie Upshaw and the Richmond County District Attorney Office violated the **Fourteenth Amendment** Right of the plaintiff to **equal protection of laws**.

McKenzie Upshaw additionally is liable by her refusal to provide these services which resulted in the violation(s) to the Plaintiff **Fifth Amendment protects against double jeopardy** or being prosecuted for the same offense that occurred in another municipality and was adjudicated someone else. Mckenzie Upshaw had a legal obligation to inform prosecutors of the information and active orders she had reviewed of the Plaintiff and as an advocate could have advocated to prosecutors presenting the trial transcripts of the active final order that verified the statements of the Plaintiff so that in the interest of justice it would provide the plaintiff and victim of a final order with a fair investigation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

which may have prevented his arrest four (4) months after the initial conversation. The false reports of Francyna Evins taken from Newark, New Jersey that were dismissed and taken into Staten Island, New York to be relitigated by the offender due to the unfavorable decision against the offender who then took that report into Middlesex County New Jersey is a federal crime. The crossing of Stateliness to file false reports is a felony offense the Defendant(s) intentionally ignored this and opted to violate the rights of the Plaintiff to protect the office of the prosecutor who honored the false reporter Francyna Evins for National Crime Victims' Rights weeks 2023, ten (10) weeks after Mckenzie Upshaw was made aware of the offender status as a defendant in a felony prosecution against the Plaintiff and two (2) active Final Restraining orders against the offender

6.  **5/16/2023** – Defendant falsely arrested and arraigned due to false report of the offender. Plaintiff had made over 85 attempts to communicate with the office of the prosecutor which were all ignored. The plaintiff was charged with harassment and stalking of his offender with allegations he filed false complaints in another state against the victim. Again, the original criminal act of the report was filed and adjudicated in New Jersey, but the defendants prosecuted the plaintiff in New York State for a crime reported in another State Municipality and adjudicated against their victim. Charges dismissed 10/30/2023 – after contact with Chief of Criminal Court Operation, Darren Albanese who contact Plaintiff counsel John J. Rapaway requesting discovery for the allegation being prosecuted by the office of the prosecutor (see attached Email Darren Albanese September 8, 2023). Although equality, fairness and justice are promised, to date Prosecutors have yet to grant the plaintiff and aid, or justice. By arresting the plaintiff for

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

an offense that occurred and was reported in another municipality that had been adjudicated before a Superior Court Judge within that municipality, the defendant(s) violated the Plaintiffs **Sixth Amendment Rights in Criminal Prosecution**, and the plaintiffs **Fifth Amendment right not to be tried for the same offense twice**. To arrest the plaintiff for a matter recently adjudicated in favor of the plaintiff violates the principal of Double-Jeopardy as it relates to these situations.

7. **11/17/2023** – Prosecutors decline to prosecute plaintiff after Detective of NYPD 120 Precent arrest plaintiff for threat complaints made 10/20/2023 by Offender Francyna Evins. CCTV Courthouse cameras located outside and the affirmation of a licensed attorney who witnessed the alleged encounter cleared the plaintiff of probable cause of and criminal actions. Prosecutors, despite declining to prosecute due to proof of no occurrence, refuse to grant plaintiff any rights as a victims of an active Domestic Violence order and continue to enable the harassment created by the offender. The actions of continued stalking and vexatious litigation of Francyna Evins that remain unchecked by the Defendant(s) who refuse to grant the Plaintiff the court awarded protections violate the plaintiffs Defendant(s) violated the Plaintiff(s) **Fourteenth Amendment Rights of the plaintiff to Equal Protections,** they equally violate the plants rights under state and federal domestic violence laws as these laws provide protections to victims of Domestic Violence faced with vexatious litigation protections and interstate harassment offenses. **11/17/2023** Plaintiff additionally reports and provides transcripts and orders to NYPD of the false complaint filed 12/5/2022 which had been dismissed 10/30/2023. Despite email communication from Darren Albanese Chief of Criminal Court Operations promising equality, fairness, and justice; the offender and discovered false reporter was not charged

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

and completely allowed to walk. This action committed by the offender denies the

plaintiff and victim the right to claim reimbursement for legal expenses for the false

report of the recently convicted offender. Domestic Violence law provides victims a

mechanism for reimbursement but when prosecutors refuse to charge offender due to

personal interest victims suffer.

Defendant violated **Fourteenth Amendment Rights of the plaintiff to Equal**

**Protections**, by refusing to prosecute known false instruments filed by the offender

Francyna Evins; who continued her pursuit of the plaintiff costing the plaintiff thousands

in additional legal fees fighting the offenders claims which continue because the

defendant(s) refuse to prosecute her for false reports and expose her lack of credibility.

Despite the discovery of the offender Francyna Evins, the defendants still provide the

offender with Domestic Violence resources and access to the deny the plaintiff.

Defendant(s) violated **(EXC) CHAPTER 18, ARTICLE 23 Section 642** Criteria for fair

treatment standards by refusing to consult with victim in order to obtain the views of the

victim regarding disposition of the criminal case by dismissal, plea of guilty or trial.

Defendant(s) further violated Plaintiff(s) rights by refusing the plaintiff any fair

treatments as provided by Article 23 of the State of New York which can be confirmed by

communication with Darren Albanese, September 8, 2023. Defendant(s) are aware of the

actions of the offender but grant her unwritten immunity to harass and menace the

plaintiff.

8. **02/07/2024** – Complaint filed for false complaints and harassment within Staten Island,
   New York 120 Precent. Complaint given with affirmation of attorney who witnessed
   innocence of plaintiff in addition to courthouse CCTV footage which revealed the

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

deception of the offender, Francyna Evins. Defendants ignore the rights of the plaintiff declining any action against Francyna Evins further violating the rights of the plaintiff who could not seek reimbursement for the legal fees paid to fight the additionally fictitious arrest of 11/17/2023.

9. Gabriella Giovinazzo was prosecutor for the fictious prosecution created in retaliation to Francyna Evins being found liable in court for Harassment and Burglary offenses under New Jersey Domestic Violence law. Gabriella Giovinazzio intentionally ignored the discovery that vindicated the Plaintiff until forced by Executive ADA Darren Albanese which can be confirmed with discovery email verification.

10. Darren Albanese in his capacity as a supervisor intentionally ignored the Plaintiff, denying him the needed services as a recent victim of domestic violence cleared of a fictious prosecution therefore denying the Plaintiff the Federal and State right to reimbursement for victims of crime(s) and Domestic Violence.

11. Alva Prenga Failed to protect the interest of a victim hospitalized and disabled for a year by the same offender who attacked and assaulted the Plaintiff with a tire iron that could have resulted in the Plaintiff losing his life. Alva Prenga failed to provide the Plaintiff the needed protections mandated after an assualt that may have prevented the assault(s) and deterred the offender from additional assaults. Alva Prenga is the prosecuting attorney during the offenses committed by Jerimah Depass, which left the Plaintiff hospitalized after corrective surgery and disabled for a year. Due to the Negligence and Incompetence of the office of the 3rd Defendant, the plaintiff was left completely exposed to additional harm by the offender Jerimiah Depass, who again admitted to arresting officers of the assault of the Plaintiff with a tire iron. Alva Prenga and the office of the 3rd Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

violated the Plaintiff(s) rights to equal protections under the Fourteenth Amendment by
refusing to include the Plaintiff in any communication or court proceedings of an
offender who had assaulted him causing serious physical, debilitating injuries on two (2)
separate occasions within thirteen (13) months of each other. At neither assault did the
offender end with an order to protect the Plaintiff; even after the Plaintiff was attacked
with a tire iron which by State of New York Law is classified as a dangerous weapon.
The act of hitting one in the head constitutes attempted Murder which the defendants
dismissed in favor of the offender again to intentionally harm and violate the rights of the
Plaintiff.

12. **9/7/2023** Courtney Chase is the supervisor of McKenzie Upshaw who in here official
capacity intentionally ignored the pleas for assistance from the plaintiff despite
knowledge that the plaintiff was the actual victim. The plaintiff documented this through
recorded audio two (2) conversations. These conversations occurred on September 7,
2023 and Courtney Chase acknowledges the true victim status of the Plaintiff yet refuses
him services under guise he is a defendant in the false prosecution Mckenzie Upshaw, 7th
Defendant and she are aware of. Courtney Chase violated the **Fourteenth Amendment
Right** of the Plaintiff by refusing to provide him the protections and services his status
and the victim of a final trial order for Domestic Violence offenses that granted him
additional protections under domestic violence statue.

13. **9/28/2024** Andrew Crawford is his capacities within the office of the 3rd Defendant did
intentional deny the Plaintiff services entitles and protect under the Fourteenth
Amendment which provide equals to protections to all. In a recorded conversation
Andrew Crawford refuses the Plaintiff and dismisses him without further consideration to

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

any factors relayed by the Plaintiff. Andrew Crawfords conduct and treatment of the
Plaintiff further solidifies the Defendant(s) intentional willingness to violate the rights of
the Plaintiff on a calculate and consistent basis.

14. The Defendant(s) while demonstrating an ability to prosecute the Plaintiff for baseless
accusations in contrast intentionally chose to violate the Plaintiff's civil rights on a
consistent basis detailed above and supported by verifiable discovery. Defendant(s)
biased towards the defended has cost the defendant damages over an Four (4) year period
that emotional, distressing and financially crippling culminating in the millions in
suspected losses with respect to the trauma inflicted and limitations placed on his
professional abilities; which were caused by the slander/defamation of Francyna Evins,
who continued to falsely accused the plaintiff of Domestic Violence offenses he was
acquitted of in New Jersey with the assistance of the defendant(s), who acted as tools of
vengeance for the offender, available at her beckon call and providing resources to fuel
and enable the harassment suffered by the defendant.

25. The Defendant(s) intentionally failed to provide protections to the plaintiff after the
assault of 6/13/2020 by Jermiah Depass and the other assailants who attacked and
restrained him to purposely disable him which is verified by hospital and specialist
records. Protection(s) were denied for actions that constituted felony offenses due to the
Plaintiff(s) serious and debilitating injuries.

26. The Plaintiff received a direct blow to the head on 7/18/2021 which resulted in stiches, a
broken finger and a concussion making the offenses of Jerimiah Depass again, a felony.
The defendants further violating the Plaintiff dismissed those allegations secretly despite
direct notice from an attorney which should have prevented that.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

27. The defendant(s) have with malicious intent prosecuted the Plaintiff and by exercising intentional negligence allowed for the emotional, social, and financial damages the Plaintiff may never recover from without the relief prayed for herein to the court.

28. The Plaintiff has lost a total of $450,000 in future contracts and paid $43,978.90 in damages as the owner and project manager of a GOLD STANDARD CONTRACTING, LLC and the Plaintiffs was forced to pay over $45,000 in residential repairs caused by damages which occurred while building an addition in Hillside NJ.

29. As a result of the Defendant's failure to discharge their mandate the Plaintiff has suffered emotional and psychological strain and distress in addition to losing his child due to actions which were in direct violation to order FV-07-003579-22 when in its temporary form and for which a criminal warrant had been issued within the STATE OF NEW YORK for Francyna Evins.

30. Public prosecutors perform a crucial role in society. They are the ' gate keepers' of criminal justice, insofar as without their initiative there cannot be the prosecution and repression of crimes. Prosecution services are, in fact, society's principal means of pursuing punishment of criminal behavior and its interface with the adjudicative power.

31. In the matter at hand, the office of the RICHMOND COUNTY DISTRICT ATTORNEY has failed to ensure repression of the criminal activities propagated by Francyna Evins against the Plaintiff and has thoughtlessly and without proper merit maliciously prosecuted the Plaintiff for numerous offenses the Plaintiff had never committed. which has resulted to damages and losses incurred by the Plaintiff set out above.

32. For how should the Plaintiff continue to suffer at the hands of Jermiah Depass, and offender who tried to kill him by hitting him in the head with a "dangerous instrument"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

which is what a tire iron is by New York State law. Or by that of Francyna Evins, whose

social slander and lies have destroyed the plaintiff's social standing and professional

reputation which again was supported by the Defendant(s)? It is the Plaintiff humble Plea

that this Court intervenes and puts an end to the foregoing litigation

abuse, cyber harassment, and stalking imposed while at the same time holding the

Defendant accountable for all mentioned herein.

33. This cause of action arises under 42 U.S.C. $ 1983, wherein Plaintiff seeks to redress a

deprivation under color of law of rights secured to him by the United States Constitution.

34. The supervisory failures of 4th Defendant directly caused and contributed to Plaintiffs

damages.

35. Plaintiff specifically alleges that Defendant(s) as described supra was within each of their

control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to

prevent some or all the unlawful acts and damages complained of herein by Plaintiff.

36. As a proximate result of Defendants' deliberate indifference and oppressive acts

and/omissions as alleged throughout this entire complaint, Defendants caused the

Plaintiff to suffer severe emotional distress.

37. Wherefore, Plaintiff respectfully requests judgement against Defendants jointly and

severally as follows to be granted by the court or reasonably considered for appropriate

actions as decided by the Court:

  a) For compensatory damages, including general and special damages, according to

     proof:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

b) For punitive damages pursuant to 42 U.S.C. S 1983 in the amount of $25,000,000 and any other applicable laws or statues, in an amount sufficient to deter and make an example of each non-governmental entity;

c) For 814,560 the contract prices to a multi-unit dwelling the Plaintiff was contracted to build that was lost due to the offender named herein and the actions of the defendant(s).

d) 65,000 in return cost for Damages to projects controlled by the Plaintiff damaged while detained and delayed due to financial restrictions imposed on the Plaintiff by the malicious prosecution(s) of the Defendant and the supported Social Media Slander/Defamation of offender Francyna Evins.

e) For such other and further relief as the Court may deem just and proper to the Plaintiff.

Clayton Howard
Dated:  May 1, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK